DOUGLAS COUNTY v. THOMAS HAYES.

FILED JUNE 16, 1897.   No. 7454.

Statutes: AMENDMENTS. A mere amendment of a section of a statute is void for want of compliance with section 11, article 3, of the constitution of this state, when there is in the amendatory act no mention of, or reference to, the amended section.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J. *Affirmed.*

*J. L. Kaley* and *A. C. Troup*, for plaintiff in error.

*Mahoney, Minahan & Smyth,* contra.

RYAN, C.

The defendant in error, a policeman of the city of Omaha, filed his claim with the board of county commissioners of Douglas county on account of three days' attendance in the district court as a witness in as many criminal cases. There was a disallowance of this claim because the claimant was a policeman, and he appealed to the district court of said county, in which there was an answer by which was asserted his official position as a bar to his recovery. To this defense a general demurrer was sustained. From the judgment which followed this ruling the county has prosecuted error proceedings to this court.

On the 7th day of April, 1893, there was approved an act entitled "An act to amend sections 1, 2, 10, 16, 30, 41, 48, 49, 61, 64, 66, 70, 79, 90, 96, 99, 100, 104, 105, 107, 108, 109, 112, 113, 118, 123, 129, 144, 147, 158, 159, 161, 165, and 167 of an act entitled 'An act incorporating metropolitan cities and defining, regulating, and prescribing their duties, powers, and government,' approved March 30, 1887, or as subsequently amended, and to repeal said sections as heretofore existing." With any of these amended sections we have no concern, except with 167, under which there were twenty-one subdivisions, each of which fixed the compensation to be paid a distinct class of city officers within such subdivision described. The eighteenth subdivision was in this language: "Each policeman shall receive a sum not exceeding eighty-five ($85) dollars per month, nor less than seventy ($70) dollars per month, and each officer of police under the rank of chief shall receive a sum not exceeding one hundred ($100) dollars

per month, to be fixed by the board of fire and police commissioners. No policeman shall be allowed fees as a witness in any case tried in any court of the state." In 1867, and ever since, the general provision as to the compensation of witnesses existed in this language: "Witnesses before the district court and grand jury shall receive two dollars for each day actually employed in attendance on the court or grand jury, and, if the said witness shall reside more than one mile from the court house or place where the court is held, five cents for each mile necessarily traveled." (Compiled Statutes, ch. 28, sec. 23.) The provision that "No policeman shall be allowed fees in any criminal case tried in any court in this state" was clearly amendatory of the general provisions of law as to witness fees. The title of the act of 1893 above quoted in no way whatever gave an intimation of an intention to modify the general rule as to the compensation to be paid witnesses for their attendance upon the district court. The amendment, to this extent, was therefore void, because in contravention of section 11, article 3, of the constitution of this state, that "No law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed." (*State v. Moore*, 48 Neb., 870, and authorities therein cited.) The defendant in error was properly held entitled to receive payment for his attendance as a witness in the criminal cases wherein his attendance had been required by the district court, for the amendment by virtue of which his right was attempted to be denied was, to that extent, nugatory. The judgment of the district court is

AFFIRMED.